**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| **RONALD W. WALDEN JR.,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No: 4:17-cv-_____** |
| ) | |
| **v.** ) | |
| ) | |
| **S&S OF MERCURY ENTERPRISES, L.L.C.,** ) | |
| **a Virginia Limited Liability Company,** ) | |
| **Serve: Bradley E. Berrane, Registered Agent** ) | |
| **6420 George Washington Memorial** ) | |
| **Highway** ) | |
| **Grafton, VA 23692** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, **Ronald W. Walden, Jr.**, by and through his undersigned counsel, hereby files this Complaint against **S&S OF MERCURY ENTERPRISES, L.L.C.**, a Virginia limited liability company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and damages for violations of the law of the Commonwealth of Virginia. In support of his allegations, Plaintiff states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA.") The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in the City of Hampton, Virginia.

3.      Plaintiff Ronald W. Walden, Jr. ("Mr. Walden" or "Plaintiff") is a resident of the Commonwealth of Virginia.

4.      Mr. Walden is a qualified individual with a disability as the term is defined by and within the meaning of the ADA.  Mr. Walden is diagnosed with *osteogenesis imperfecta* and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.      Upon information and belief, **S**&S OF MERCURY ENTERPRISES, L.L.C. ("S&S OF MERCURY" or "Defendant") is a Virginia limited liability company and is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

7.      The Property is known as Midas; it is generally located at 2801 West Mercury Boulevard, Hampton, VA 23666.

8.      The Defendant is organized and exists pursuant to the laws of the Commonwealth of Virginia; is registered with the Virginia State Corporation Commission; regularly conducts business in the Commonwealth of Virginia and in the City of Hampton; and maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

9.      Defendant is responsible for complying with all applicable obligations of the ADA.

10.      All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

### COUNT I

### VIOLATION OF TITLE III OF THE ADA

11.      The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

12.      The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

13.      Mr. Walden visited the Property and plans to return to the Property in the near future.

14.      During the visit, Mr. Walden experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this Complaint and specifically in Paragraph 17.

15.      Mr. Walden wants to visit the Property but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

16.      Mr. Walden plans to and will visit the Property once the barriers described in Paragraph 17 and any other barriers have been removed.

17.     Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.*, by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

> A.     Plaintiff encountered inaccessible parking due to lack of access aisle and lack of signage at parking spaces designated as accessible;
>
> B.     Plaintiff encountered inaccessible route to entrance due to severe disrepair creating excessive lips;
>
> C.     Plaintiff encountered inaccessible curb ramp due to excessive long slopes and excessively sloped side flares;
>
> D.     Plaintiff encountered inaccessible entrance due to lack of level landing; and
>
> E.     Plaintiff encountered inaccessible counter due to lack of lowered portion.

18.     As of the date of this filing, the readily achievable barriers and other violations of the ADA exist.   They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

19.     Independent of his intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

20.     Removal of the barriers to access located on the Property is readily achievable,

reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

21.     Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

22.     The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action.  The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendant and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

23.     Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

24.     Defendant's Property is a place of public accommodation under *Code of Virginia*, § Section 51.5-44.

25.     The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

26.     As a direct and proximate result of Defendant's intentional and negligent failure to remove barriers to access that exist on Defendant's property, Plaintiff was and continues to be denied access and his civil rights were and continue to be violated.

27.     Consequently, Mr. Walden seeks monetary damages from Defendant pursuant to

*Code of Virginia*, § 51.5-46 for the discrimination he experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Ronald W. Walden, Jr. demands judgment and execution against Defendant and requests the Court provide the following injunctive and declaratory relief:

A.   Declare the Property owned and administered by Defendant is in violation of the ADA;

B.   Enter an order directing Defendant to alter its facilities on the Property to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   Enter an order directing Defendant to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.   Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E.   Issue a Declaratory Judgment that Defendant violated the Virginia Rights of Persons with Disabilities Act;

F.   Order Defendant to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

G.   Award Plaintiff monetary damages from the Defendant pursuant to *Code of*

*Virginia* § 51.5-46; and

H.      Award Plaintiff such other additional and proper relief as may be just and

equitable.

**RONALD W. WALDEN, JR.**

By:   /s/Deborah C. Waters
                Deborah C. Waters, Esquire
                Virginia State Bar #28913
                Waters Law Firm, P.C.
                Town Point Center Building, Suite 600
                150 Boush Street
                Norfolk, VA  23510
                Telephone:  (757) 446-1434
                Facsimile:  (757) 446-1438
                dwaters@waterslawva.com

                *Counsel for Plaintiff*